

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

September 6, 2013

TRANSMITTAL OF NOTICE OF APPEAL FILED BY COUNSEL

SEE NOTICE OF ELECTRONIC FILING

**RE:** Bonidy et al v. United States Postal Service et al

District Court Case No.: 10-cv-02408-RPM
Filed by: Patrick Donahoe, Michael Kervin, United States Postal Service on 09/06/13
Fee Status: Fee not paid, 1915 motion not filed
Type of Counsel: Retained counsel
Other Pending Appeals: None

Attached are the following documents for the parties in connection with the notice of appeal and a copy of the docket sheet.

The parties are directed to the U.S. Court of Appeals for the 10th Circuit website (http://www.ca10.uscourts.gov) to obtain any necessary forms, such as the Transcript Order Form, Docketing Statement or Designation of Record. Instructions for ordering transcripts are attached.

JEFFREY P. COLWELL, CLERK

by  s/ D. Brown

Deputy Clerk

cc:     Clerk, U.S. Court of Appeals for the Tenth Circuit with the preliminary record

**INSTRUCTIONS FOR ORDERING TRANSCRIPTS:**

Please review the enclosed docket sheet and locate the docket entry for the minutes of the proceedings you wish to have transcribed.  In the entry will be either:
- the name of the court reporter, or
-"FTR" (meaning the proceeding was digitally recorded before either a District Court Judge or a Magistrate Judge).

If a name of a court reporter appears, please contact that reporter directly to make arrangements for the preparation of the transcript.  The names, addresses and phone numbers for the court reporters and some of the contract reporters are on the attached sheet.

If the proceeding was before a District Court Judge (other than Judge Richard P. Matsch) and was recorded by an E.C.R. operator or FTR, please contact Federal Reporting Service.  Their address and phone number are on the attached list.

If the proceeding was before Judge Richard P. Matsch please contact Kathy Terasaki.  Her phone number is on the attached list.

If the proceeding was held before a Magistrate Judge Please contact Avery Woods Reporting Service.  Their address and phone numbers are on the attached list.

**COURT REPORTERS**
Suzanne Claar
3629 E. Phillips Ave.
Centennial, CO 80122
303-770-4794

Paul Zuckerman
303-629-9285

Gwen Daniel
303-571-4084

Therese Lindblom
303-628-7877

Kara Spitler
303-623-3080

Janet Coppock (fka Morrissey)
303-893-2835

Darlene Martinez
303-296-2008

Tracy Weir
303-298-1207

Tamara Hoffschildt
303-292-1088

Mary George
303-296-2638

**FTR OPERATOR**
Kathy Terasaki
FTR Operator - (FTR-RPM)
303-335-2095

**DISTRICT COURT JUDGE - DIGITAL FTR**
Federal Reporting Service, Inc.
17454 East Asbury Place
Aurora, CO 80013
303-751-2777

**MAGISTRATE JUDGE - DIGITAL - FTR**
Avery Woods Reporting Service, Inc.
455 Sherman Street, Suite 250
Denver, CO 80203
303-825-6119

**OTHER COURT REPORTERS**
Adrienne Whitlow
15400 Winding Moss Dr.
Houston, TX 77068
303-668-6887

APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:10–cv–02408–RPM

Bonidy et al v. United States Postal Service et al
Assigned to: Judge Richard P. Matsch
Cause: 39:409 Postal Service

Date Filed: 10/04/2010
Date Terminated: 07/09/2013
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Debbie Bonidy**
*TERMINATED: 09/05/2012*

represented by **James M. Manley**
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO 80227
303–292–2021
Fax: 303–292–1980
Email: jmanley@mountainstateslegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tab Bonidy**

represented by **James M. Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**National Association for Gun Rights**

represented by **James M. Manley**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Postal Service**

represented by **Lisa Ann Olson**
U.S. Department of Justice–DC–Mass.
Ave.
20 Massachusetts Avenue, N.W.
Washington, DC 20530
202–514–5633
Email: lisa.olson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy L. Padden**
U.S. Attorney's Office–Denver
1225 17th Street East
Seventeenth Street Plaza
#700
Denver, CO 80202
303–454–0100
Fax: 303–454–0408
Email: amy.padden@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lesley Rebecca Farby**
U.S. Department of Justice–DC–#883
Federal Programs Branch
P.O. Box 883
20 Massachusetts Avenue, N.W.
Washington, DC 20044

202–514–3481
Fax: 202–616–8470
Email: lesley.farby@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Potter**                          represented by  **Amy L. Padden**
*Postmaster General*                                      (See above for address)
*TERMINATED: 04/08/2011*                                 *ATTORNEY TO BE NOTICED*

                                                          **Lesley Rebecca Farby**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Ruehle**                         represented by  **Amy L. Padden**
*Postmaster, Avon, Colorado*                              (See above for address)
*TERMINATED: 09/28/2012*                                 *ATTORNEY TO BE NOTICED*

                                                          **Lesley Rebecca Farby**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Donahoe**                      represented by  **Lisa Ann Olson**
*Postmaster General*                                      (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lesley Rebecca Farby**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Kervin**                       represented by  **Lisa Ann Olson**
*Postmaster, Avon Colorado*                               (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2010 | 1 | COMPLAINT for Declaratory and Injunctive Relief against John Potter, Steve Ruehle, and United States Postal Service (Filing fee $ 350, Receipt Number 31806) Summons Issued, filed by Debbie Bonidy, Tab Bonidy, and National Association for Gun Rights. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Civil Cover Sheet, # 4 Receipt)(lyg, ) (Entered: 10/04/2010) |
| 10/04/2010 | 2 | CORPORATE DISCLOSURE STATEMENT by Plaintiff National Association for Gun Rights.. (Manley, James) (Entered: 10/04/2010) |
| 10/13/2010 | 3 | SUMMONS Returned Executed upon defendant(s) John Potter served on 10/7/2010, answer due 12/6/2010. (Manley, James) (Entered: 10/13/2010) |
| 10/13/2010 | 4 | SUMMONS Returned Executed upon defendant(s) Steve Ruehle served on 10/7/2010, answer due 12/6/2010; United States Postal Service served on 10/7/2010, answer due 12/6/2010. (Manley, James) (Entered: 10/13/2010) |
| 10/25/2010 | 5 | AMENDED COMPLAINT against All Defendants, filed by Debbie Bonidy, Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Exhibit, # 2 Exhibit)(Manley, James) (Entered: 10/25/2010) |
| 12/06/2010 | 6 | MOTION to Dismiss First Amended Complaint 5 by Defendants John Potter, Steve Ruehle, United States Postal Service. (Farby, Lesley) Modified on 12/7/2010 to |

| | | add linkage (jjh, ). (Entered: 12/06/2010) |
|---|---|---|
| 12/13/2010 | 7 | NOTICE re 6 MOTION to Dismiss *First Amended Complaint Notice of Supplemental Authority* by Defendants John Potter, Steve Ruehle, United States Postal Service (Attachments: # 1 Exhibit Supplemental Authority)(Farby, Lesley) (Entered: 12/13/2010) |
| 12/20/2010 | 8 | Joint MOTION for Extension of Time to File Response/Reply as to 6 MOTION to Dismiss *First Amended Complaint* by Plaintiffs Debbie Bonidy, Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Proposed Order (PDF Only))(Manley, James) (Entered: 12/20/2010) |
| 12/20/2010 | 9 | ORDER Granting 8 Joint Motion for Extension of Deadlines. Plaintiffs shall file an opposition to Defendants' 6 Motion to Dismiss no later than January 14, 2011. Defendants may file a reply to Plaintiffs' opposition no later than February 11, 2011. Signed by Judge Richard P. Matsch on 12/20/2010.(rpmcd) (Entered: 12/20/2010) |
| 01/14/2011 | 10 | RESPONSE to 6 MOTION to Dismiss *First Amended Complaint* filed by Plaintiffs Debbie Bonidy, Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Exhibit)(Manley, James) (Entered: 01/14/2011) |
| 02/11/2011 | 11 | REPLY to Response to 6 MOTION to Dismiss *First Amended Complaint* filed by Defendants John Potter, Steve Ruehle, United States Postal Service. (Farby, Lesley) (Entered: 02/11/2011) |
| 02/15/2011 | 12 | Minute ORDER Setting Hearing on 6 MOTION to Dismiss for 3/21/2011 at 02:00 PM in Courtroom A by Judge Richard P. Matsch on 2/15/2011. (rpmcd) (Entered: 02/15/2011) |
| 03/21/2011 | 13 | Minute Entry – Courtroom Minutes for Motion Hearing held on 3/21/2011 before Judge Richard P. Matsch. ORDERED: Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 6, 2010 6 , is granted with leave for plaintiffs to file an amended complaint (20 days) by April 11, 2011. (FTR: K. Terasaki) (rpmcd) (Entered: 03/21/2011) |
| 04/04/2011 | 14 | TRANSCRIPT of Motion Hearing held on March 21, 2011 before Judge Matsch. Pages: 1–20. Prepared by: Federal Reporting Service, Inc. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 7/8/2011. (Federal Reporting Service, Inc., ) (Entered: 04/04/2011) |
| 04/08/2011 | 15 | AMENDED COMPLAINT against All Defendants, filed by Debbie Bonidy, Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Exhibit, # 2 Exhibit)(Manley, James) (Entered: 04/08/2011) |
| 04/25/2011 | 16 | MOTION to Dismiss Second Amended Complaint 15 by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service. (Farby, Lesley) Modified on 4/26/2011 to add linkage (jjh, ). (Entered: 04/25/2011) |
| 05/19/2011 | 17 | BRIEF in Opposition to 16 MOTION to Dismiss *Second Amended Complaint* filed by Plaintiffs Debbie Bonidy, Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Exhibit)(Manley, James) (Entered: 05/19/2011) |
| 06/06/2011 | 18 | REPLY to Response to 16 MOTION to Dismiss *Second Amended Complaint* filed by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service. (Attachments: # 1 Exhibit)(Farby, Lesley) (Entered: 06/06/2011) |
| 07/08/2011 | 19 | NOTICE *OF SUPPLEMENTAL AUTHORITY* by Plaintiffs Debbie Bonidy, Tab Bonidy, National Association for Gun Rights (Attachments: # 1 Exhibit)(Manley, |

| | | James) (Entered: 07/08/2011) |
|---|---|---|
| 10/20/2011 | 20 | Minute ORDER Setting Hearing on 16 MOTION to Dismiss for 11/18/2011 at 02:00 PM in Courtroom A by Judge Richard P. Matsch on 10/20/2011. (rpmcd) (Entered: 10/20/2011) |
| 11/18/2011 | 21 | Courtroom Minutes for Motion Hearing held on 11/18/2011 before Judge Richard P. Matsch. ORDERED: Defendants' Motion to Dismiss Plaintiffs Second Amended Complaint, filed 4/25/2011 16 , is denied. Defendants shall respond to the Amended Complaint. Scheduling Conference set January 26, 2012 at 10:00 a.m. Proposed scheduling order submitted in paper form to chambers by 4:00 p.m. January 19, 2012. (FTR: K. Terasaki) (rpmcd ) (Entered: 11/18/2011) |
| 11/18/2011 | 22 | ORDER Setting Scheduling Conference for 1/26/2012 at 10:00 AM in Conference Room and proposed order (original only) on paper, shall be submitted directly to chambers by 4:00 p.m. on January 19, 2012, by Judge Richard P. Matsch on 11/18/2011. (rpmcd) (Entered: 11/18/2011) |
| 12/02/2011 | 23 | TRANSCRIPT of Motion Hearing held on November 18, 2011 before Judge Matsch. Pages: 1–37. Prepared by: Federal Reporting Service, Inc. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 3/5/2012. (Federal Reporting Service, Inc., ) (Entered: 12/02/2011) |
| 12/09/2011 | 24 | ANSWER to 15 Amended Complaint by Patrick Donahoe, Steve Ruehle, United States Postal Service.(Farby, Lesley) (Entered: 12/09/2011) |
| 01/26/2012 | 25 | SCHEDULING ORDER: Discovery due by 6/25/2012. Dispositive Motions due by 9/28/2012. Signed by Judge Richard P. Matsch on 1/26/2012. (rpmcd ) (Entered: 01/26/2012) |
| 01/26/2012 | 26 | Courtroom Minutes for Scheduling Conference held on 1/26/2012 before Judge Richard P. Matsch. (FTR: K. Terasaki) (rpmcd) (Entered: 01/26/2012) |
| 04/05/2012 | 27 | Unopposed MOTION for Protective Order by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service. (Attachments: # 1 Proposed Order (PDF Only))(Farby, Lesley) (Entered: 04/05/2012) |
| 04/06/2012 | 28 | PROTECTIVE ORDER re 27 , by Judge Richard P. Matsch on 4/6/2012. (rpmcd ) (Entered: 04/06/2012) |
| 09/04/2012 | 29 | STIPULATION of Dismissal of Party *Debbie Bonidy* by Plaintiff Debbie Bonidy. (Manley, James) (Entered: 09/04/2012) |
| 09/05/2012 | 30 | ORDER DISMISSING PLAINTIFF DEBBIE BONIDY'S CLAIMS AGAINST ALL DEFENDANTS WITH PREJUDICE and each party will bear its own costs and attorney's fees with respect to Ms. Bonidys claims re: 29 Stipulation, by Judge Richard P. Matsch on 9/5/2012. (Debbie Bonidy terminated), (rpmcd) (Entered: 09/05/2012) |
| 09/28/2012 | 31 | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service.. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A–1 (part 1 of 4), # 3 Exhibit A–1 (part 2 of 4), # 4 Exhibit A–1 (part 3 of 4), # 5 Exhibit A–1 (part 4 of 4), # 6 Exhibit A–2, # 7 Exhibit A–3 (part 1 of 2), # 8 Exhibit A–3 (part 2 of 2), # 9 Exhibit A–4, # 10 Exhibit A–5, # 11 Exhibit A–6, # 12 Exhibit A–7, # 13 Exhibit A–8, # 14 Exhibit A–9, # 15 Exhibit A–10, # 16 Exhibit A–11, # 17 Exhibit A–12, # 18 Exhibit A–13, # 19 Exhibit A–14, # 20 Exhibit A–15, # 21 Exhibit A–16 (part 1 of 2), # 22 Exhibit A–16 (part 2 of 2))(Farby, Lesley) Modified on 10/16/2012 to remove Level 1 Restriction pursuant to Local Civil Rule 7.2(D) (rpmcd}. (Entered: 09/28/2012) |

| 09/28/2012 | 32 | MOTION for Summary Judgment by Defendants (Public and Text Only Entry re 31 ). (rpmcd) (Entered: 09/28/2012) |
|---|---|---|
| 10/29/2012 | 33 | Cross MOTION for Summary Judgment AND RESPONSE 32 IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiffs Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Manley, James) Modified on 10/30/2012 (rpmcd). (Entered: 10/29/2012) |
| 11/28/2012 | 34 | BRIEF in Opposition to 33 Cross MOTION for Summary Judgment *AND RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT and Reply in Support of Defendants' Motion for Summary Judgment* filed by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A−17, # 3 Exhibit Padilla−1, # 4 Exhibit A−18, # 5 Exhibit A−19, # 6 Exhibit A−20, # 7 Exhibit A−21)(Farby, Lesley) (Entered: 11/28/2012) |
| 12/10/2012 | 35 | Unopposed MOTION for Extension of Time to File Response/Reply as to 33 Cross MOTION for Summary Judgment *AND RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT* by Plaintiffs Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Proposed Order (PDF Only))(Manley, James) (Entered: 12/10/2012) |
| 12/11/2012 | 36 | ORDER granting 35 Motion for Extension of Time to File Reply by 12/27/12 by Judge Richard P. Matsch on 12/11/12.(jjhsl, ) (Entered: 12/11/2012) |
| 12/27/2012 | 37 | REPLY to Response to 33 Cross MOTION for Summary Judgment *AND RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT* filed by Plaintiffs Tab Bonidy, National Association for Gun Rights. (Manley, James) (Entered: 12/27/2012) |
| 02/28/2013 | 38 | NOTICE of Supplemental Authorities by Defendants Patrick Donahoe, Steve Ruehle, United States Postal Service (Attachments: # 1 Exhibit 1 (Peterson Decision))(Farby, Lesley) (Entered: 02/28/2013) |
| 03/04/2013 | 39 | RESPONSE to 38 Notice of Supplemental Authorities by Plaintiffs Tab Bonidy, National Association for Gun Rights. (Manley, James) (Entered: 03/04/2013) |
| 04/09/2013 | 40 | Minute ORDER Setting Hearing on Motions 32 and 33 for Summary Judgment for 6/18/2013 at 10:00 AM in Courtroom A, by Judge Richard P. Matsch on 4/9/2013. (rpmcd) Modified on 4/9/2013 (rpmcd). (Entered: 04/09/2013) |
| 04/10/2013 | 41 | NOTICE *of Appearance* by Defendants Patrick Donahoe, John Potter, Steve Ruehle, United States Postal Service (Olson, Lisa) (Entered: 04/10/2013) |
| 06/18/2013 | 42 | Courtroom Minutes for Motion Hearing held on 6/18/2013 before Judge Richard P. Matsch. ORDERED: Plaintiffs' Cross Motion for Summary Judgment 33 , is taken under advisement and a written opinion will be entered. Defendants' Motion for Summary Judgment 31 , is taken under advisement and a written opinion will be entered. FTR: K. Terasaki. (rpmcd) (Entered: 06/18/2013) |
| 06/28/2013 | 43 | TRANSCRIPT of Motion Hearing held on June 18, 2013 before Judge Matsch. Pages: 1−26. Prepared by: Federal Reporting Service, Inc.<br><br>**NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 9/30/2013. (Federal Reporting Service, Inc., ) (Entered: 06/28/2013) |
| 07/09/2013 | 44 | MEMORANDUM OPINION AND ORDER re 32 and 33 : the Defendants take such action as is necessary to permit Tab Bonidy to use the public parking lot |

| | | adjacent to the Avon Post Office Building with a firearm authorized by his Concealed Carry Permit secured in his car in a reasonably prescribed manner. The other claims of unconstitutionality of 39 C.F.R. § 232.1(l) made by Plaintiffs are denied, by Judge Richard P. Matsch on 7/9/2013.(rpmcd) (Entered: 07/09/2013) |
|---|---|---|
| 07/09/2013 | 45 | JUDGMENT by Clerk and Approved by Court re 44 : the Defendants take such action as is necessary to permit Tab Bonidy to use the public parking lot adjacent to the Avon Post Office Building with a firearm authorized by his Concealed Carry Permit secured in his car in a reasonably prescribed manner.The other claims of unconstitutionality of 39 C.F.R. § 232.1(l) made by Plaintiffs are denied. Plaintiffs Tad Bonidy and the National Association for Gun Rights shall have their costs by the filing of a Bill of Costs with the Clerk of the Court within 14 days of entry of judgment, by Clerk on 7/9/2013. (rpmcd ) (Entered: 07/09/2013) |
| 07/16/2013 | 46 | Proposed Bill of Costs by Plaintiffs Tab Bonidy, National Association for Gun Rights. (Attachments: # 1 Continuation of Main Document STIPULATION AS TO BILL OF COSTS)(Manley, James) (Entered: 07/16/2013) |
| 07/16/2013 | 47 | Costs Taxed in amount of $ 1,530.65 against Defendants (ervsl, ) (Entered: 07/17/2013) |
| 09/06/2013 | 48 | NOTICE OF APPEAL as to 44 Order on Motion for Summary Judgment,,, 45 Clerk's Judgment,, by Defendants Patrick Donahoe, Michael Kervin, United States Postal Service (Olson, Lisa) (Entered: 09/06/2013) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 10-cv-02408-RPM

TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

      Plaintiffs,

      v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
MICHAEL KERVIN, Acting Postmaster, Avon, Colorado,

      Defendants. [1]

_____

## MEMORANDUM OPINION AND ORDER
_____

      The United States Postal Service ("USPS") was established to "provide prompt, reliable, and efficient services to patrons in all areas," 39 U.S.C. § 101(a), and, to that end, "establish and maintain postal facilities of such character and in such locations, that postal patrons throughout the Nation will . . . have ready access to essential postal services," *id.* § 403(b).  Congress empowered the United States Postmaster General to prescribe regulations necessary for the protection of property owned or occupied by the USPS and persons on the property, and to include reasonable penalties for violations thereof.   18 U.S.C. § 3061(c)(4)(A-B).

_____

[1] The National Association for Gun Rights ("NAGR") has joined Mr. Bonidy, an NAGR member himself, in its representative capacity.  The USPS officials are sued in their official capacities.

In 1972, the Postal Service enacted 39 C.F.R. § 232.1(*l*) ("USPS Regulation"), which provides:

> Weapons and explosives. Notwithstanding the provisions of any other law, rule or regulation, no person while on postal property may carry firearms, other dangerous or deadly weapons, or explosives, either openly or concealed, or store the same on postal property, except for official purposes.

A violation of this regulation may result in a fine, imprisonment up to thirty days, or both. *Id.* § 232.1(p)(2).[2]

Tab Bonidy brought this civil action for declaratory and injunctive relief claiming that applying the USPS Regulation to him, by prohibiting him from carrying a concealed handgun when he picks up and deposits mail at the Post Office in Avon, Colorado, infringes upon his freedom to bear arms guaranteed by the Second Amendment to the United States Constitution. After full discovery, both Plaintiffs and Defendants have moved for summary judgment. The relevant facts are not in dispute.

The Town of Avon, population 6,365, is high in the Rocky Mountains of Colorado. The Avon Post Office is a freestanding building, with a 57-space parking lot reserved for Post Office patrons, and an employee parking lot behind the building. There are five public parking spaces in front of the Post Office on West Beaver Creek Boulevard. Parking on that street is prohibited when there are more than two inches of snow on the ground.

The Avon Post Office does not provide delivery services to the public. It provides free post office boxes in an area of the Post Office that is open to the public at all times. The mail service counter opens and closes on a regular schedule. There are no security personnel

---

[2] The USPS Regulation was enacted along with a number of other prohibitions on conduct on Postal Service grounds, 37 Fed. Reg. 24346 (Nov. 16, 1972), including littering and damaging property (39 C.F.R. § 232.1(c)); causing disturbances (*id.* § 232.1(e)); smoking, drinking alcohol, and using controlled substances (*id.* § 232.1(g)); gambling (*id.* § 232.1(f)); and bringing non-service dogs and animals onto postal premises (*id.* § 232.1(j)).

or devices on the site.  Access to the area behind the mail service counter, the mail sorting area, and the employee parking lot is restricted.  Approximately 500 window customers are served at the Post Office each day it is in operation.

The parking lot adjacent to the Avon postal building is openly available to the public. There is a sign at the front of the lot reading:  "US POSTAL PROPERTY / 30 MINUTE PARKING / VIOLATORS WILL BE TOWED AT OWNERS EXPENSE."  That time limit is not enforced.  There are two mailboxes in the lot for customers to drop off outgoing mail while driving through.

Tab Bonidy lives in a rural area and drives several miles from his home to the Avon Post Office to pick up mail from his free PO box in the open area of the building.  He routinely carries a concealed handgun, as authorized by the Sheriff of Eagle County under Colorado's Concealed Carry Act, C.R.S. § 18-12-201 *et seq*.  In July 2010, counsel for Mr. Bonidy sent a written inquiry asking if he would be prosecuted under the USPS Regulation if he carried his firearm into the Post Office or stored it in his vehicle in the public parking lot when picking up his mail.  Mary Ann Gibbons, General Counsel for the USPS, responded in the affirmative, stating that that "the regulations governing Conduct on Postal Property prevent [Mr. Bonidy] from carrying firearms, openly or concealed, onto any real property under the charge and control of the Postal Service. . . . There are limited exceptions to this policy that would not apply here."  [Doc. 33 at 9.]

Because of the firearms restriction, Mr. Bonidy has an employee pick up and deliver his mail at the Avon Post Office.

As required by controlling precedent, there are two questions to be asked in approaching Plaintiffs' Second Amendment claim.[3]   First, does the challenged regulation impose a burden on conduct falling with the scope of the Second Amendment guarantee?

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court freed the right to keep and bear arms from the restriction suggested by the prefatory clause that its purpose was to maintain a well-regulated militia in each of the several states.   The decision changed the view of the amendment as protecting a collective interest in participating in a military organization to protect the inhabitants of each state that had been prevailing in the courts since the Court's opinion in *United States v. Miller*, 307 U.S. 174 (1939).   Justice Scalia's majority opinion explained, in depth, the history of a common-law concept of an individual's freedom to use firearms for self-protection that the American colonists understood to be an essential element of individual liberty.   The Second Amendment protects that liberty from disarmament by those who exercise the coercive powers of government.

The Court recognized that there is a collective interest in public safety that trumps individual liberty in given circumstances.   Just as the liberty protected by the First and Fourth Amendments may be limited by restrictions necessary to preserve a well-ordered society, the freedom to keep and bear arms may be restrained by majoritarian governmental action.

When and how those restraints may be applied has been and will be the subject of extensive litigation.   In *Peterson,* 707 F.3d at 1201, the Tenth Circuit held that the scope of the Second Amendment's protection does not include a right to carry a concealed firearm outside the home.   That ruling is binding on this Court and defeats the Plaintiffs' contention

---

[3] *See Peterson v. Martinez*, 707 F.3d 1197 (10th Cir. 2013) (citing *United States v. Reese*, 627 F.3d 792, 800 (10th Cir. 2010)).

that Mr. Bonidy should be free to carry his concealed handgun on his person in the Avon Post Office and parking lot. But the *Peterson* panel did not address whether open carry of firearms outside the home is similarly unprotected; indeed, it explicitly declined to do so. *See id.* at 1208-09.

Those who believe in the primacy of collective security read *Heller* narrowly within the factual context in which the case arose. *See* discussion as to Part III.B in *United States v. Masciandaro,* 638 F.3d 458 (4th Cir. 2011); *Piszczatoski v. Filko*, 840 F. Supp. 2d 813 (D. N.J. 2012). Judge Posner persuasively discredited that reading by his textual analysis in the opinion deciding *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012). Aside from the textual meaning of "bear arms," he recognized the common-sense view that armed self-defense is important outside the home and that hunting takes place outside the home.

Accordingly, the Court concludes that the Second Amendment protects the right to openly carry firearms outside the home for a lawful purpose, subject to such restrictions as may be reasonably related to public safety.

In *Heller*, the Court recognized that there are many circumstances in which restrictions on the freedom to carry firearms are presumptively valid—including the exclusion of firearms from government buildings. *See* 554 U.S. at 626, 627 n.26. Those challenging such restrictions must present sufficient evidence to rebut that presumption. The Avon Post Office building is used for a governmental purpose by significant numbers of people, with no means of securing their safety; therefore, it is a sensitive place, and the USPS Regulation is presumed to be valid as applied to the building. Mr. Bonidy has failed to rebut that presumption of validity. Mr. Bonidy's claim to carry his gun into the building must therefore be denied.

There is no such easy answer as to the public parking lot.  The Defendants first assert that USPS' ownership of the lot is, itself, a sufficient basis for the exclusion of firearms.  But as the country's First Amendment jurisprudence demonstrates, constitutional freedoms do not end at the government property line.  *See, e.g.*, *Initiative and Referendum Inst. v. U.S. Postal Serv.*, 417 F.3d 1299 (D.C. Cir. 2005) (subjecting 39 C.F.R. 232.1(h)(1) (1997), preventing people from political solicitation on USPS property, to First Amendment scrutiny).  There is more to a sensitive place analysis than mere government ownership.

Next, Defendants point out that the Fifth Circuit upheld the precise regulation at issue here, after concluding that a USPS employee parking lot qualified as a sensitive place because "the Postal Service used the parking lot for loading mail and staging its mail trucks"; in other words, "as a place of regular government business."  *United States v. Dorosan*, 350 Fed. App'x 874, 875 (5th Cir. 2009) (unpublished).  This case is different.  In terms of postal business being conducted in the parking lot, Defendants have offered evidence that there are mailboxes in the lot that patrons may use to drop off mail while driving through.  But lone mail receptacles used by an undetermined number of transient patrons is easily distinguishable from the lot at issue in *Dorosan*, which was regularly used by Postal Service employees for processing high volumes of mail via USPS mail trucks.  *See Dorosan*, 350 Fed. App'x at 875.  In addition, there are no restrictions on access to the Avon Post Office parking lot beyond a sign posted at the front of the lot limiting parking to 30 minutes, which is not meaningfully enforced.  As shown by the aerial photographs in the record, there is little to distinguish the USPS parking lot from other public parking lots in the near vicinity.  By contrast, *Dorosan* involved a USPS employee parking lot that was enclosed by a gate, with a sign on both entrances warning that vehicles entering the lot were subject to search.  *United*

*States v. Dorosan*, No. 08-042, 2008 WL 2622996, at *1 (E.D. La. June 30, 2008) (Knowles, M.J.).  Therefore, *Dorosan*'s reasoning and facts are not helpful to Defendants' position.

Considering other indicia of sensitive places, an official, core government function is not performed in the Avon Post Office parking lot; rather, except for the presence of a few mailboxes, the lot merely facilitates the government function taking place inside by giving patrons a place to park.  The government business done in the parking lot is thus not of the "same extent or nature as that done in schools, post offices, and courthouses."  *Doe v. Wilmington Housing Auth.*, 880 F. Supp. 2d 513, 532 (D. Del. 2012) (applying reasoning to common areas of public housing).  Moreover, Defendants have offered no evidence that a substantial number of people congregate or are present in the parking lot.  *Cf. Nordyke v. King*, 563 F.3d 439, 459-60 (9th Cir. 2009) (noting parking lots of public buildings "[seem] odd as a 'sensitive place,'" because they are not "places where high numbers of people might congregate"), *vacated on other grounds by* 611 F.3d 1015 (9th Cir. 2010).  And while patrons may reasonably expect that the Postal Service will take measures to keep the parking lot safe, that expectation is less compelling than the expectation of safety inside the building, where the USPS does business and exercises greater control.

Defendants maintain that postal parking lots in general have been targeted by criminals seeking to steal valuable mail from patrons as they walk out of post offices to their cars [Doc. 31 at 12] and used by criminals for drug trafficking transactions [*id.* at 13].  They fail to present evidence showing that this particular parking lot has been the site of such activity.

Thus, the Avon Post Office parking lot is not a sensitive place, and there is accordingly no presumption that the USPS Regulation is a valid restriction on Mr. Bonidy's right to carry a firearm onto it.

It is, therefore, incumbent upon the USPS to show sufficient support for its absolute ban on firearms without any consideration of the possible accommodations that may lessen the burden on Mr. Bonidy's individual interest in self-protection. The USPS's objective in preserving and promoting public safety in the Avon Post Office parking lot is important. The question is whether the USPS Regulation is substantially related to that objective. *See Reese*, 627 F.3d at 802 (quoting *United States v. Williams*, 616 F.3d 685, 692 (10th Cir. 2010)).

Defendants rely on the Declaration of Keith Milke, Inspector in Charge of Security and Crime Prevention for the United States Postal Inspection Service. He recites a history of firearm violence on postal property based on a study of workplace violence, and makes broad, conclusory statements, including the following:

> 46. Allowing storage of weapons in Postal Service parking lots would increase security risks and undermine law enforcement authority by making firearms accessible to individuals with criminal intent, whether those individuals use vehicles as temporary storage during commission of a crime, or whether firearms stored in vehicles parked on Postal Service property are improperly secured and become the target of theft. Inspectors surveilling criminal suspects in the course of investigations may observe them entering property with firearms on their person or in their vehicle, but if the firearm ban does not cover the full perimeter of Postal Service property, there would be no authority to apprehend these suspects before they enter the inside of a postal facility, placing the Inspectors, postal employees, customers, and bystanders at greater risk.

> 47. Customer parking lots, as opposed to secured employee lots, are subject to criminal activity involving postal customers. Sometimes customers are the perpetrators of intentional gun violence, including firearm suicides committed in vehicles, as occurred in separate incidents in parking lots in Post Office locations in Florida in 2005 and 2011. Unintentional harm can also result from the storage of firearms in vehicles, however, and the Inspection Service is aware of at least one incidence of damage to Postal Service property in 2008 when a customer accidentally

discharged his concealed handgun while in his vehicle, shooting out the front window of a Post Office lobby in Henderson, Texas.

48. Where parking lot robberies occur, customers returning to their vehicles with valuables obtained through the U.S. Mail or retail postal services may be subject to predation from armed perpetrators surveilling the lot from their vehicles. For example, in 2006, occupants of a vehicle in a customer lot in Florida shot a customer returning to his car in the course of robbing him of the Postal Service money orders he had just purchased. In Louisiana (2005), Mississippi (2005), and Virginia (2004), customers have been robbed at gunpoint in parking lots, in some cases by acquaintances. In other cases, criminals may use Postal Service parking lots as a base to target customers and valuables of the U.S. Mail in more involved ways. Such an incident occurred in March, 2006, when a postal customer was kidnapped at gunpoint and ordered to enter the Mount Holly, North Carolina Post Office to collect a pay check scheduled to arrive in his Post Office Box while his kidnappers waited in a vehicle in the parking lot. The victim alerted the Postmaster, who immediately called 911 and cleared employees and customers away from the service window area. On a monitor in the Postmaster's office, one of the armed kidnappers was observed entering the Post Office lobby, looking for the victim. When local police arrived, the kidnapper attempted to dispose of his firearm in a lobby waste bin, was arrested without incident, and was later sentenced on state charges for Possession of a Firearm by a Convicted Felon.

49. In addition, Postal Service parking lots have become sites for criminal activity due to the increased use of the U.S. Mail to conduct drug trafficking and the ability of criminals to track movements of shipments and target letter carriers departing for delivery. See, e.g., John Ingold, *Colorado Post Offices See Increase in Marijuana Packages*, Denver Post (Feb. 28, 2012) (attached as Ex. Milke-12). ("Package tracking numbers offer the ability to keep an eye on the shipment [of marijuana]. [This] practice places letter carriers in potential jeopardy, . . . because they end up unwittingly carrying around packages that could be targets for robbers.").

[Doc. 31, Ex. A-1 at 15-16.]

The USPS contends that its Regulation must be uniform without any consideration of differences in persons or places because the Postal Inspection Service manages 30,000 facilities nationwide and has made an executive policy decision that the Regulation is necessary, given the concerns cited above, to protect USPS employees and customers from firearm violence.  That may be a reasonable justification if this were an Administrative Procedure Act review attacking the Regulation as arbitrary and capricious.  What it ignores is

Mr. Bonidy's interest in protecting himself.   That is the core concern of the Second Amendment.

There is nothing in the Milke Declaration that the "one-size-fits-all" approach serves any purpose other than administrative convenience and saving expenses.   The fit between this approach and the USPS' public safety objective is unreasonable.   Presumably, a police officer could not pick up his personal mail without disarming himself before entering the parking lot at the Avon facility.   There is no recognized difference between this small-town, low-use postal facility and the post office in downtown Denver or midtown Manhattan.

In this case, specifically, Mr. Bonidy is a law-abiding individual who has demonstrated competency with a handgun, and has been approved by the Eagle County Sheriff to carry a concealed handgun almost everywhere in Colorado.  [Doc. 33 at 8; Doc. 34 at 8.]  And yet the USPS Regulation makes no accommodation for him and his circumstances by, for example, delegating authority to the Avon Postmaster to issue a permit for a person with a concealed carry permit to use the parking lot with the gun in a locked vehicle concealed in a glove compartment or console.     Instead, the Regulation broadly prohibits anyone, regardless of risk, from possessing firearms anywhere on USPS property.  When it comes to the building itself, a blanket firearms restriction applied to a law-abiding individual like Mr. Bonidy is sufficiently tailored, because the building is sensitive, and the presence of an individual openly carrying a firearm may excite passions, or excited passions may lead to the use of the firearm.  Someone could also attempt to take the firearm from its lawful carrier and use it for criminal purposes.

By contrast, prohibiting Mr. Bonidy from securely storing his firearm in his vehicle sweeps too far; the parking lot is not similarly sensitive, and the public safety concerns

associated with open carry in the building are not similarly implicated.  Therefore, as applied to Mr. Bonidy and his request to use the parking lot with his gun securely stored in his car, the USPS Regulation is not substantially related to the government's public safety interest.  It is an unconstitutional burden on Mr. Bonidy's freedom under the Second Amendment.

In sum, openly carrying a firearm outside the home is a liberty protected by the Second Amendment.  The Avon Post Office Building is a sensitive place and the ban imposed by the USPS Regulation is a presumptively valid restriction of that liberty.  The Plaintiff has failed to present evidence to rebut that presumption.  The parking lot adjacent to the building is not a sensitive place and the Defendants have failed to show that an absolute ban on firearms is substantially related to their important public safety objective.  The public interest in safety and Mr. Bonidy's liberty can be accommodated by modifying the Regulation to permit Mr. Bonidy to "have ready access to essential postal services" provided by the Avon Post Office while also exercising his right to self-defense.  Accordingly, it is

ORDERED, that the Defendants take such action as is necessary to permit Tab Bonidy to use the public parking lot adjacent to the Avon Post Office Building with a firearm authorized by his Concealed Carry Permit secured in his car in a reasonably prescribed manner, and it is

FURTHER ORDERED, that the other claims of unconstitutionality of 39 C.F.R. § 232.1(*l*) made by Plaintiffs are denied.

Dated:  July 9, 2013.

BY THE COURT:

s/Richard P. Matsch
_____

Richard P. Matsch
Senior District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02408-RPM

TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

      Plaintiffs,

v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
MICHAEL KERVIN, Acting Postmaster, Avon, Colorado,

      Defendants.

_____

**JUDGMENT**
_____

      Pursuant to the Memorandum Opinion and Order, by Senior District Judge Richard P.

Matsch entered on July 9, 2013, it is

      ORDERED that the Defendants take such action as is necessary to permit Tab Bonidy to use the

public parking lot adjacent to the Avon Post Office Building with a firearm authorized by his Concealed

Carry Permit secured in his car in a reasonably prescribed manner, and it is

      FURTHER ORDERED that the other claims of unconstitutionality of 39 C.F.R. § 232.1(*l*) made

by Plaintiffs are denied.  It is

      FURTHER ORDERED that plaintiffs Tad Bonidy and the National Association for Gun Rights

shall have their costs by the filing of a Bill of Costs with the Clerk of the Court within 14 days of entry of

judgment.

      Dated: July 9th, 2013

      APPROVED:                       FOR THE COURT:
                                     Jeffrey P. Colwell, Clerk

      s/Richard P. Matsch                 s/J. Chris Smith
_____      By _____
Richard P. Matsch                        Deputy Clerk
Senior District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02408-RPM

TAB BONIDY, and
NATIONAL ASSOCIATION FOR GUN RIGHTS,

     Plaintiffs,

     v.

UNITED STATES POSTAL SERVICE,
PATRICK DONAHOE, Postmaster General, and
MICHAEL KERVIN, Postmaster, Avon, Colorado,

     Defendants.

_____

**DEFENDANTS' NOTICE OF APPEAL**
_____

     Notice is hereby given that the United States Postal Service, Patrick Donahoe, and

Michael Kervin, defendants in the above-captioned case, hereby appeal to the United States

Court of Appeals for the Tenth Circuit from the July 9, 2013 Memorandum Opinion and Order

(docket number 44) and the July 9, 2013 Judgment (docket number 45).

Dated: September 6, 2013          Respectfully submitted,

                           STUART F. DELERY
                           Assistant Attorney General

                           JOHN F. WALSH
                           United States Attorney

                           JOHN R. GRIFFITHS
                           Assistant Branch Director

/s/ Lisa A. Olson
LISA A. OLSON (DC #384266)
LESLEY R. FARBY (DC #495625)
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Room 7300
Washington, D.C. 20530
Telephone:  (202) 514-5633
Fax:  (202) 616-8470
E-mail: lisa.olson@usdoj.gov
*Attorneys for Defendants*

2

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on September 6, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

James M. Manley, Esq.
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
jmanley@mountainstateslegal.com


           /s/ Lisa A. Olson       
           LISA A. OLSON